**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| MATTHEW JONES, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> FORGEROCK, INC., FRANCIS ROSCH, ) <br> BRUCE GOLDEN, MARIA WALKER, ARUN ) <br> MATHEW, RINKI SETHI, DAVE WELSH, ) <br> JEFF PARKS, JOHANNA FLOWER, ) <br> ALEXANDER OTT, and WARREN WEISS, ) <br> ) <br> Defendants. ) <br> ) <br> ) | Case No. <br><br><br> **COMPLAINT FOR** <br> **VIOLATIONS OF THE** <br> **FEDERAL SECURITIES LAWS** <br><br> JURY TRIAL DEMANDED |

Plaintiff Matthew Jones ("Plaintiff"), upon information and belief, including an examination and inquiry conducted by and through his counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for his Complaint:

**NATURE OF THE ACTION**

1. Plaintiff brings this action against ForgeRock, Inc. ("ForgeRock" or the "Company") and its corporate directors for violating Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. §240.14a-9 ("Rule 14a-9"), in connection with the proposed acquisition of the Company by affiliates of Thoma Bravo, L.P. ("Thoma Bravo").[1]

2. On October 10, 2022, the Company entered into an Agreement and Plan of

---

[1] The proposed acquisition of the Company described herein is referred to as the "Proposed Transaction."

Merger (the "Merger Agreement") with Project Fortress Parent, LLC ("Parent") and Project Fortress Merger Sub, Inc. ("Merger Sub").[2] The Merger Agreement provides that ForgeRock stockholders will receive $23.25 in cash per share of Company common stock.

3. The Company's corporate directors subsequently authorized the December 8, 2022, filing of a materially incomplete and misleading Schedule 14A Definitive Proxy Statement (the "Proxy Statement") with the SEC. The Proxy Statement, which recommends that Company stockholders vote their shares in favor of the Proposed Transaction, omits or misrepresents material information necessary and essential to that decision. Defendants authorized the issuance of the false and misleading Proxy Statement in violation of the Exchange Act.

4. It is imperative that the material information omitted from the Proxy Statement is disclosed to the Company's stockholders prior to the forthcoming stockholder vote on the Proposed Transaction, so that they can properly exercise their rights, among other things.[3]

5. For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to the Company's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the defendants' violations of the Exchange Act.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction over the claims asserted herein for violations of

---

[2] Parent and Merger Sub are affiliates of Thoma Bravo.

[3] The stockholder vote on the Proposed Transaction currently is scheduled for January 12, 2023.

Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7. Personal jurisdiction exists over the defendants because each defendant either conducts business in or maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.

## THE PARTIES

9. Plaintiff is, and has been at all times relevant hereto, the owner of FORGEROCK common stock.

10. Defendant ForgeRock is a Delaware corporation with its principal executive offices located at 201 Mission Street, Suite 2900, San Francisco, California 94105. ForgeRock's shares trade on the New York Stock Exchange under the ticker symbol "FORG." ForgeRock provides a leading modern identity platform that enables enterprises to secure, mange, and govern the identities of everything—consumers, employees and partners, microservices, devices and the Internet of Things. The Company's platform includes a full suite of identity management, access management, identity governance, and AI-powered autonomous identity capabilities to serve the Customer Identity Access Management, Access Management, and Identity Governance Administration needs of enterprises. ForgeRock's platform is deployable in a variety of configurations that can be combined, including self-

managed environments such as public and private cloud environments, and through ForgeRock Identity Cloud.

11.     Defendant Francis Rosch is and has been President, Chief Executive Officer, and a director of the Company at all times relevant hereto.

12.     Defendant Bruce Golden is and has been Chairman of the Board and a director of the Company at all times relevant hereto.

13.     Defendant Maria Walker is and has been a director of the Company at all times relevant hereto.

14.     Defendant Arun Mathew is and has been a director of the Company at all times relevant hereto.

15.     Defendant Rinki Sethi is and has been a director of the Company at all times relevant hereto.

16.     Defendant Dave Welsh is and has been a director of the Company at all times relevant hereto.

17.     Defendant Jeff Parks is and has been a director of the Company at all times relevant hereto.

18.     Defendant Johanna Flower is and has been a director of the Company at all times relevant hereto.

19.     Defendant Alexander Ott is and has been a director of the Company at all times relevant hereto.

20.     Defendant Warren Weiss is and has been a director of the Company at all times relevant hereto.

21. Defendants identified in paragraphs 11-20 are collectively referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

**The Proposed Transaction**

22. On October 11, 2022, the Company announced in relevant part:

SAN FRANCISCO--(BUSINESS WIRE)-- ForgeRock® (NYSE: FORG), a global digital identity leader, announced today that it has entered into a definitive agreement to be acquired by Thoma Bravo, a leading software investment firm, for $23.25 per share, in an all-cash transaction valued at approximately $2.3 billion. The offer represents a premium of approximately 53% over ForgeRock's closing share price on October 10, 2022, the last full trading day prior to the transaction announcement, and a premium of approximately 44% over the volume weighted average price of ForgeRock stock for the 30 days ending October 10, 2022.

"We are pleased to partner with Thoma Bravo to build on the strength of our comprehensive platform," said Fran Rosch, ForgeRock's Chief Executive Officer. "The transaction offers a unique opportunity to create value for all of our stakeholders and is a clear validation of our team's outstanding work and the start of an exciting new chapter for ForgeRock, our customers, and our partner ecosystem. We are confident that Thoma Bravo's resources and insights will help us continue to drive innovation in our platform and deliver even more value for customers."

"Identity-centric cybersecurity solutions are a critical enabler for businesses to digitally transform their operations, and ForgeRock's solutions combine both the advanced security and customer usability needed in the market," said Chip Virnig, a Partner at Thoma Bravo. "We look forward to partnering with ForgeRock to leverage our deep sector expertise and support the company to capitalize on this tremendous market opportunity."

**Transaction details**

The transaction, which was unanimously approved by the ForgeRock Board of Directors, is currently expected to close in the first half of 2023, subject to customary closing conditions, including approval by ForgeRock's shareholders and the receipt of required regulatory approvals. Upon completion of the transaction, ForgeRock's common stock will no longer be publicly listed and ForgeRock will become a privately held company.

**Third Quarter 2022 Financial Results**

ForgeRock will announce its financial results for its third quarter on November 9, 2022. The news release will be available on the Investor Relations section of the company's website. In light of the announced transaction with Thoma Bravo, ForgeRock will not conduct an earnings conference call.

**Advisors**

J.P. Morgan is acting as exclusive financial advisor to ForgeRock and Wilson Sonsini Goodrich & Rosati, P.C., is acting as legal counsel to ForgeRock. Kirkland & Ellis LLP is acting as legal counsel to Thoma Bravo.

**The Materially Incomplete and Misleading Proxy Statement**

23. The Board caused to be filed the materially incomplete and misleading Proxy Statement with the SEC on December 8, 2022. The Proxy Statement, which recommends that ForgeRock stockholders vote their shares in favor of the Proposed Transaction, fails to disclose material information to Company stockholders, or provides them with materially misleading information, concerning: (a) the Company's financial projections; (b) the financial analyses that support the fairness opinion provided by the Company's financial advisor J.P. Morgan Securities LLC ("J.P. Morgan"); and (c) the background of the Proposed Transaction.

*Material Misrepresentations and/or Omissions Concerning the Company's Financial Forecasts*

24. The Proxy Statement fails to disclose material information concerning the financial forecasts for the Company, including the line items underlying the Company's projected Operating Margin with respect to its June 2022 business plan and July 2022 business plan.

*Material Misrepresentations and/or Omissions Concerning J.P. Morgan's Financial Analysis*

25. The Proxy Statement fails to disclose material information concerning J.P. Morgan's financial analyses.

26. With respect to the *Discounted Cash Flow Analysis* performed by J.P. Morgan, the Proxy Statement fails to disclose the Company's terminal values, as well as its outstanding shares.

27. With respect to the *Public Trading Multiples* and *Selected Transaction Analysis* performed by J.P. Morgan, the Proxy Statement fails to disclose the individual financial metrics for each of the respective selected companies and transactions analyzed by the financial advisor.

28. With respect to the *Analyst Price Targets* analysis performed by J.P. Morgan, the Proxy Statement fails to disclose the individual price targets observed and the sources thereof.

*Material Misrepresentations and/or Omissions Concerning Company Insiders' Potential Conflicts of Interest*

29. The Proxy Statement fails to disclose material information concerning the potential conflicts of interest faced by Company insiders, including whether any of Thoma Bravo's proposals or indications of interest mentioned management retention in the combined company following the Proposed Transaction or the purchase of or participation in the equity of the surviving corporation.

30. The omission of the above-referenced information renders statements in the "Unaudited Prospective Financial Information," "Opinion of J.P. Morgan Securities LLC," "Background of the Merger," and "Interests of ForgeRock's Directors and Executive Officers

in the Merger" sections of the Proxy Statement materially incomplete and misleading in contravention of the Exchange Act.

31. Absent disclosure of the foregoing material information prior to the vote on the Proposed Transaction, Plaintiff and the other stockholders of the Company will be unable to make a sufficiently informed decision in connection with the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

### COUNT I

**Claims for Violation of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and ForgeRock**

32. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

33. The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially misleading, in violation of Section 14(a) of the Exchange Act and Rule 14a-9. ForgeRock is liable as the issuer of these statements.

34. The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

35. The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

36.     The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction.  In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

37.     The Proxy Statement is an essential link in causing Plaintiff and the Company's stockholders to approve the Proposed Transaction.

38.     By reason of the foregoing, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder.

39.     Because of the false and misleading statements in the Proxy Statement, Plaintiff is threatened with irreparable harm.

## COUNT II

### Claims for Violation of Section 20(a) of the Exchange Act
### Against the Individual Defendants

40.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

41.     The Individual Defendants acted as controlling persons of ForgeRock within the meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their positions as officers and/or directors of ForgeRock and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are false and misleading.

42. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

43. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Proxy Statement.

44. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the Exchange Act.

45. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' conduct, Plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in her favor on behalf of ForgeRock, and against defendants, as follows:

  A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction, unless and until defendants disclose the material information identified above which has been omitted from the Proxy Statement;

  B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

  C. Directing the Individual Defendants to file a Proxy Statement that does not contain any untrue statements of material fact;

  D. Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

  E. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated:  December 14, 2022       **LONG LAW, LLC**

                By: */s/ Brian D. Long*
                   Brian D. Long (#4347)
                   3828 Kennett Pike, Suite 208
                   Wilmington, DE 19807
                   Telephone: (302) 729-9100
                   Email: BDLong@LongLawDE.com

                   *Attorneys for Plaintiff*